EDWARD A. STEVENS *vs.* CITY OF MINNEAPOLIS.

June 10, 1882.

**Minneapolis—Salary of Clerk of Municipal Court.**—Section 29 of chapter 3 of the revised city charter of Minneapolis, (being Sp. Laws 1881, *c.* 76,) limits the salary of clerk of the municipal court of Minneapolis to $1,200 per annum, and consequently repeals *pro tanto* Sp. Laws 1874, *c.* 141, § 17, entitled "An act to establish a municipal court in the city of Minneapolis," fixing it at $1,500.

Case submitted on an agreed statement of facts, under Gen. St. 1878, *c.* 82, § 7, to the district court for Hennepin county. Plaintiff, who is clerk of the municipal court of Minneapolis, seeks to recover his salary at the rate of $1,500 per annum. Defendant claims that, under its amended charter, (Sp. Laws 1881, *c.* 76, subc. 3, § 29,) plaintiff is only entitled to $1,200 per annum. The salary has not been fixed by the city council under the amended charter. A trial was had before *Vanderburgh*, J., without a jury, and judgment entered that plaintiff recover at the rate of $1,200 per annum. Plaintiff appeals.

*Rea, Woolley & Kitchel,* for appellant, cited *Boon* v. *Juliet,* 2 Ill. 258; *Treasurer* v. *Clark,* 19 Vt. 129; *In re Webb,* 24 How. Pr. 247; *Sarah* v. *Borders,* 5 Ill. 341.

*C. H. Benton,* for respondent.

MITCHELL, J.* The office of clerk of the municipal court of Minneapolis was created by Sp. Laws 1874, *c.* 141, entitled "An act to establish a municipal court in the city of Minneapolis," and the salary fixed at $1,500 per annum, payable out of the city treasury. Section 29 of chapter 3, of the revised city charter, being Sp. Laws 1881, *c.* 76, provides that the city council shall have power to fix the compensation of all officers elected or appointed under this act, "provided that the compensation of officers or employes of said city hereinafter designated shall in no case exceed the following limits; that is to say: Judge of municipal court, $2,500 per annum; clerk of municipal court, $1,200 per annum." The great fundamental rule in construing statutes is to ascertain the intent of the legislature, and to attain this object every part of a statute must be considered in connection with the whole, so as, if possible, to give effect to every part. The manifest intent of the latter part of the section of the city charter just cited was to limit the salary of the clerk of the municipal court to $1,200. This is not subordinate to or dependent on the preceding part of the section. It being within the power of the legislature to reduce the salary of this office, and this act being later legislation upon the subject, and inconsistent with the provisions of the municipal court act fixing the salary at $1,500, it operates as a repeal *pro tanto* of the former statute, and a consequent reduction of the salary to $1,200.

Judgment affirmed.

*Vanderburgh, J., having presided at the trial in the district court, took no part in the decision of this appeal.